HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEOFFREY C. JANZEN and JENNIFER L. JANZEN, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign company,<br><br>Defendant. | Case No.  2:23-cv-01517-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant State Farm Fire and Casualty Company's Motion for Relief from Deadline to File Motion to Exclude Expert Witness, Dkt. # 33.  Plaintiffs oppose the Motion.  Dkt. # 45.  The Court has reviewed the Motion, the submissions in support of and in opposition to the Motion, the balance of the record, and the governing law.  For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## II.  PROCEDURAL BACKGROUND

This case involves a water loss claim to Plaintiffs' residential dwelling under a homeowner's policy that Defendant issued to Plaintiffs. Dkt. # 33 at 2. The parties dispute whether the water loss resulted in damage to the home's foundation. *Id.* Prior to commencing litigation, Plaintiffs retained Phillip Haberman, a geotechnologist with Cobalt Geosciences. *See* Dkt. # 34-1. Mr. Haberman drafted a "Limited Geotechnical Evaluation" report, which Plaintiffs produced in discovery. Dkt. # 34 ¶ 4; Dkt. # 34-1.

Plaintiffs did not identify Mr. Haberman as an expert witness in this case. On October 7, 2024, Mr. Haberman confirmed during his deposition that he had "not been named as an expert witness by Plaintiffs in this matter" and did "not intend to offer opinions as an expert witness in this matter." Dkt. # 34-2 at 3. On October 31, 2023, Plaintiffs served Initial Disclosures that identified Cobalt Geosciences as an entity likely to have discoverable information, but did not identify Mr. Haberman specifically or indicate that he would be testifying in an expert capacity. Dkt. # 34-3 at 4. On September 4, 2024, Plaintiffs served their Expert Disclosure, which did not identify Mr. Haberman as an expert witness. Dkt. # 34-4. Plaintiffs did not produce a report for Mr. Haberman that satisfies the expert report requirements set out in Rule 26(a)(2)(B). Dkt. # 34 ¶ 8.[1]

Under the Court's prior scheduling order, the parties were required to file all dispositive motions and motions challenging expert witness testimony by April 1, 2025. Dkt. # 24 at 2. Defendant filed a Motion for Summary Judgment on April 1, 2025. Dkt. # 28. Plaintiffs filed a Motion for Summary Judgment on April 2, 2025. Dkt. # 31. Neither party filed a motion to challenge expert witness testimony. Defendant states it

---

[1] Plaintiffs claim Mr. Haberman is a witness under Rule 26(a)(2)(C) and does not need to provide a written report. Dkt. # 45 at 2. The Court need not address Plaintiffs' contention at this stage.

ORDER - 2

did not file a motion to challenge Mr. Haberman's testimony by the April 1, 2025 deadline "[b]ased on Plaintiff's repeated representations that Mr. Haberman is not an expert witness." Dkt. # 33 at 4. Defendant further states that after reviewing Plaintiffs' Motion for Summary Judgment, Defendant determined the Motion "relied heavily" upon Mr. Haberman's opinion, thus necessitating this request for leave to file a motion to exclude Mr. Haberman. *Id.*

### III.    DISCUSSION

#### A.    Legal Standard

Under the Federal Rules of Civil Procedure 6(b)(1):

> (1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). When evaluating a request for extension made after the applicable deadline, courts consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). The decision of whether to grant relief from a deadline is "committed to the discretion of the district court." *Id.* at 974.

ORDER - 3

### B.    Defendant's request for relief

Defendant argues it should be permitted leave to file a motion to exclude Mr. Haberman as an expert witness because Plaintiffs never disclosed Mr. Haberman as an expert and therefore Defendant did not know of the need for a motion to exclude Mr. Haberman until the deadline had passed. Dkt. # 33 at 5–7. Plaintiffs admit that "in hindsight . . . the better course would have been to disclose Mr. Haberman as an expert under Rule 26(a)(2)(C), rather than solely as a lay witness." Dkt. # 45 at 2. Plaintiffs argue, however, the Defendant's Motion should be denied because "Mr. Haberman was disclosed, deposed, and known to [Defendant] well in advance of litigation, and because any technical disclosure error was 'substantially justified' or 'harmless' under Rule 37(c)(1)." *Id.* The Court agrees with Defendant.

All factors for evaluating a Rule 6(b)(1)(B) extension request favor Defendant. There is little danger of prejudice to Plaintiffs because they will still have a full opportunity to oppose Defendant's motion to exclude Mr. Haberman, and the trial is many months away. The length of Defendant's delay was not significant. Defendant learned about Plaintiffs' intent to use Mr. Haberman as an expert witness sometime after April 2, 2025, upon reviewing Plaintiffs' Motion for Summary Judgment, and filed this Motion seeking relief shortly after, on April 21, 2025. Defendant has a valid reason for the delay, as it did not know Plaintiffs intended to use Mr. Haberman as an expert until after the expert motions deadline had passed. Finally, the Court finds Defendant acted in good faith and not to delay proceedings or for any other improper purpose.

Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs argue they disclosed early on Mr. Haberman's involvement in the case including by producing his report, identifying his employer in their Initial Disclosures, and making him available for a deposition. Dkt. # 45 at 5. The issue, however, is not that Defendant did not know

about Mr. Haberman's involvement in the case, but that Defendant did not know he would testify in an expert capacity. Absent that knowledge, Defendant had no reason to file a motion to exclude Mr. Haberman as an expert witness. Next, Plaintiffs argue that Rule 37(c)(1), which governs sanctions for failure to make required disclosures, does not mandate exclusion of an undisclosed expert if the failure to disclose was "substantially justified" or "harmless." Dkt. # 45 at 6–7. But whether Mr. Haberman should be excluded—under Rule 37(c)(1) or otherwise—is not at issue in this Motion. The only issue before the Court is whether Defendant should be relieved from the expert motions deadline. For the reasons discussed, the Court finds Defendant's request should be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Relief from Deadline to File Motion to Exclude Expert Witness. Defendant may file a motion to exclude Mr. Haberman as an expert witness no later than **July 21, 2025**.

Dated this 2nd day of July, 2025.

_____

The Honorable Richard A. Jones
United States District Judge